UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EATERN DIVISION

| | |
|---|---|
| Jeffrey McCrobie,<br><br>    Plaintiff,<br><br>v.<br><br>Worldwide Commerce Associates, LLC<br>c/o National Registered Agents, Inc.<br>100 E. William Street, Suite 204<br>Carson City, NV 89701<br><br>    Defendant. | Case No.: 5:13-cv-0018<br><br><br><br>**COMPLAINT FOR DAMAGES<br>UNDER THE TELEPHONE<br>CONSUMER PROTECTION ACT**<br><br>**JURY DEMAND ENDORSED HEREIN** |

Plaintiff brings this action for damages, and other legal and equitable remedies, resulting from the illegal actions of Midland Credit Management, Inc. (hereinafter referred to as "Defendant") in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone without her prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. (hereinafter referred to as the "TCPA"). The TCPA prohibits automated telephone calls to cellular telephones without prior express consent.

## JURISDICTION AND VENUE

1. Pursuant to 28 U.S.C. §1331, the Court has Federal Question Jurisdiction over Plaintiff's claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq, ("TCPA").

2. Venue is proper because a substantial part of the events giving rise to Plaintiff's claims occurred in this judicial district.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA), 47 U.S.C. § 227

3. In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA), in response to a growing number of consumer complaints regarding certain telemarketing practices.

1

4. The TCPA regulates, among other things, the use of automated telephone equipment, or "auto-dialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of auto-dialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

5. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

6. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party. The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."

## FACTS

7. At all times relevant, plaintiff was an individual residing in the State of Illinois. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(10).

8. Plaintiff did not list her cellular phone number in or on any other documents at anytime during the transaction that resulted in the debt owed, nor did he verbally provide her phone number to or consent to any calls on her cellular phone by Defendant.

2

9. "During the transaction that resulted in the debt owed," plaintiff did not provide her wireless number to Defendant nor otherwise provide express consent to receive prerecorded calls by Defendant on Plaintiff's cellular telephone.

10. Plaintiff did not provide her current cellular telephone at the time he incurred this debt, and he never provided the number to any subsequent creditor or Defendant.

11. Defendant is, and at all times mentioned herein was, a corporation and a "person", as defined by 47 U.S.C. § 153(10).

12. On or around September 20, 2012, Plaintiff communicated with Defendant.

13. During this communication, Plaintiff notified Defendant that he was not "Wendy Alexander" and that Defendant did not have any reason to be calling Plaintiff.

14. Notwithstanding the fact that Plaintiff did not provide Defendant with her cellular number, Defendant contacted Plaintiff on Plaintiff's cellular telephone. Plaintiff received numerous calls on his cellular phone after the communication on September 20, 2012.

15. All telephone contact by Defendant to Plaintiff on her cellular telephone occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and all calls that are the subject of this complaint occurred within four years of the filing of this complaint.

16. The telephone number that Defendant used to contact plaintiff, with an "automatic telephone dialing system," was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

17. The complained of telephone calls constituted calls not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

18. Plaintiff did not provide "express consent" allowing Defendant to place telephone calls to Plaintiff's cellular phone utilizing an "automatic telephone dialing system," within the meaning of 47 U.S.C. § 227(b)(1)(A).

19. Defendant did not make telephone calls to Plaintiff's cellular phone "for emergency purposes" placed by an "automatic telephone dialing system," as described in 47 U.S.C. § 227(b)(1)(A).

20. Defendant's telephone calls to Plaintiff's cellular phone were placed by an "automatic telephone dialing system" for non-emergency purposes and in the absence of plaintiff's prior express consent violated 47 U.S.C. § 227(b)(1)(A).

21. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute, because it is the best entity to determine how numbers were attained.

## COUNT I - TCPA (CELLULAR CALLS)

22. Plaintiff incorporates the above factual allegations herein.

23. Defendant made automated telephone calls to the wireless telephone numbers of Plaintiff using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

24. These phone calls were made without the prior express consent of Plaintiff.

25. Defendant violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), which makes it unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . ." As a result of defendant's illegal conduct, Plaintiff suffered actual damages and, under section

227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

26. Because Defendant's misconduct was willful and knowing, the Court should pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by the plaintiff.

27. Plaintiff is entitled to and do seek injunctive relief prohibiting Defendant's violation of the TCPA in the future.

## JURY DEMAND

28. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

29. Plaintiff prays for the following relief:

   a. An order enjoining Defendant from placing further telephone calls to Plaintiff's cellular telephone number pursuant to 47 U.S.C. § 227(b)(3);

   b. Judgment against Defendant for statutory damages pursuant to 47 U.S.C. § 227(b)(3);

   c. Reasonable attorneys' fees and costs incurred herein; and

   d. For such other legal and/or equitable relief as the Court deems appropriate.


RESPECTFULLY SUBMITTED,

Meier LLC

By: */s/ Richard J. Meier*
Richard J. Meier, Esq.
53 W. Jackson Blvd, Suite 304
Chicago, IL 60604
Tel: 312-242-1849
Fax: 312-242-1841
Richard@meierllc.com
*Attorney for Plaintiff*